## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| EILEEN L. BENSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     No. 06 C 1123 |
| | ) |
| CITY OF CHICAGO, | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM OPINION

In her pro se complaint against the City of Chicago, plaintiff Eileen L. Benson alleges that on March 14, 2005, while she was sleeping in a chair near one of the baggage claim areas at O'Hare Airport, two Chicago police officers issued her a citation for having committed "trespass" in violation of City of Chicago Municipal Code 8-4-050. The officers then escorted her out of the airport to the Chicago Transit Authority train station.[1]

The officers filled in the printed citation form with directions to the plaintiff to appear for an "Administrative Hearing" on April 20, 2005. The printed form stated that if plaintiff failed to appear for the hearing she could be assessed a fine. On the scheduled day, the Administrative Law Officer entered a finding "Not Liable - city failed to establish prima facie case."

---

[1] While the complaint does not expressly say so, we assume the officers directed the plaintiff to leave the airport.

We are unable to tell from the complaint whether the officers appeared or whether any evidence was taken. In any event, the proceeding terminated in plaintiff's favor.

Plaintiff has not sued the unknown police officers, but only the City, and seeks only declaratory relief. Her prayer is that the trespass ordinance be "declared unconstitutional" and that it be "completely removed from the municipal [ordinance] books."

The claims asserted in the complaint consist of a list of "Counts" which are nothing more than references to various constitutional or other legal provisions, e.g., "Count One: Fourth Amendment Violation, Count Two: Fifth Amendment Violation, Count Three: Sixth Amendment Violation." The City has filed a motion to dismiss each count of the complaint for failure to state a claim upon which relief could be granted, and the plaintiff has responded to the motion. Defendant has analyzed each "Count," explaining why, in its view, the law invoked by plaintiff does not apply to the facts. Defendant's arguments are, for the most part, correct. We will not extend this opinion unnecessarily by discussing all of the constitutional provisions that are obviously inapplicable, but will confine our discussion to the claims upon which plaintiff places the most emphasis.

Plaintiff's major contention is that the trespass ordinance is unconstitutionally vague, so that she could have had no way of knowing whether her conduct amounted to a violation. A state

statute (or city ordinance) is "unconstitutionally vague within the meaning of the Due Process clause of the Fourteenth Amendment" when it fails to "define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." Kolender v. Lawson, 461 U.S. 352, 353, 357 (1983).[2] In Kolender, the Court concluded that the statute in question (requiring an individual to provide "credible and reliable" identification) was "unconstitutionally vague on its face because it encourages arbitrary enforcement by failing to describe with sufficient particularity what a suspect must do in order to satisfy the statute." Id. at 361.

We now examine City of Chicago Municipal Code 8-4-050 to see whether it provides adequate notice of what is prohibited:

A person commits trespass when he knowingly:

(a) Enters the property, or any part thereof, of another when, immediately prior to such entry, he receives notice, either oral or written, from the owner or occupant that such entry is forbidden; or

(b) Remains upon the property, or any part thereof, of another after receiving notice, either oral or written, from the owner or occupant to depart; or

_____

[2] The vagueness issue usually arises in the context of a criminal prosecution, as in Kolender. The City argues that the trespass ordinance is administrative rather than criminal and that the plaintiff was not arrested but was merely served with notice to appear at an administrative hearing. There may be merit to the City's position, but we think the vagueness doctrine probably applies to administrative as well as criminal proceedings. In any event, we prefer not to rest our decision on a supposed distinction among various types of proceedings.

(c) Enters upon property open to the public, or any part thereof, and remains thereon with a malicious and mischievous intent after receiving notice, either oral or written, from the owner or occupant to depart;

(d) Willfully defaces, mars, injures or destroys any building or part of any building or any property of another with paint, tar, acid, grease, oil, or other such substance which would detrimentally alter the outer face or substance of such building or any property of another, or any fence, tree, shrub or plant appurtenant thereto.

Any person convicted of trespass shall be fined not less than $100.00 nor more than $500.00.

The ordinance defines four kinds of trespass, (a) through (d). Plaintiff's citation does not appear to be based on (a) ("entering" the airport after having been notified that "such entry is forbidden.") Neither do the provisions of (c) (malicious and mischievous intent) or (d) (defacing or injuring property) have any application to plaintiff's act of sleeping in the airport. The only part of the ordinance that might apply is (b), remaining upon the property after receiving notice to depart. Plaintiff does not explain why this part of the ordinance – or any other part, for that matter – is unconstitutionally vague. She may or may not have violated provision (b); we are not in a position to say. For instance, we have no knowledge as to whether she was given notice to depart. The hearing officer found that the city had not made a prima facie case, but we are not informed as to the basis of that decision. In any event, we find nothing vague about an ordinance

that prohibits remaining on property after receiving notice from the owner to depart. There could be factual questions as to whether the alleged violator received notice, whether the notice was understandable, whether he "knowingly" remained on the property after receiving notice to depart, and perhaps other factual issues as well.[1] But such issues have nothing to do with whether the ordinance provides adequate notice of what is prohibited. We conclude as a matter of law that the ordinance is not unconstitutionally vague.

Plaintiff's other principal argument is that the ordinance violates the Eighth Amendment provision against cruel and unusual punishment. She relies on the case of Jones v. City of Los Angeles, 444 F.3d 1118 (9th Cir. 2006). A Los Angeles ordinance made it a criminal offense, punishable by a fine and imprisonment of up to six months, for anyone to be found "sitting, lying, or sleeping on public streets and sidewalks at all times and in all places within the Los Angeles's city limits." Id. at 1120. The ordinance was challenged by a group of homeless plaintiffs, who argued that because the number of homeless persons in the city exceeded the number of available shelters, they had no choice but to occupy the public streets and sidewalks. Punishing them for

---

[1] In her response to defendant's motion, plaintiff states that "the defendant also does not provide written warning signs within in the parameters of airport property." (Response at 5.) But this does not render the ordinance vague.

that involuntary act, they claimed, was cruel and unusual. The court agreed, holding that "the Eighth Amendment prohibits the City from punishing involuntary sitting, lying or sleeping on public sidewalks that is an unavoidable consequence of being human and homeless without shelter in the City of Los Angeles." Id. at 1138.

As the City of Chicago points out, the ordinance in Jones is distinguishable from the Chicago ordinance. Chicago does not prohibit sitting, lying or sleeping in any public place at any time and in any circumstances, but only requires that a person leave the property of another when notified to do so. We find nothing cruel and unusual about that and conclude that plaintiff's Eighth Amendment claim must fail.

The city also moves to dismiss plaintiff's various state-law claims. However, because we hold that plaintiff has failed to allege any viable federal claim, we will decline to exercise jurisdiction over the state-law claims. See Kennedy v. Schoenberg, Fisher & Newman, Ltd., 140 F.3d 716, 727 (7th Cir. 1998) (stating that the general rule in this circuit is to relinquish jurisdiction over pendent state-law claims when all federal claims are dismissed before trial.)

## CONCLUSION

Defendant's motion to dismiss plaintiff's complaint for failure to state a federal claim will be allowed. Because we see no possibility of successful amendment, the case will be dismissed

with prejudice. The dismissal is without prejudice to the refiling
of the state-law claims in state court.

DATE:         October 12, 2006

ENTER:        _____
              John F. Grady, United States District Judge